UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

        Plaintiff,

        v.                                    Case No. 16-CR-0156

ANDREW A. ROBINSON, III,

        Defendant.

---

## ORDER GRANTING MOTION FOR COMPASSIONATE RELEASE

      Andrew A. Robinson, III, was convicted of conspiracy to distribute and possess with intent to distribute more than 100 grams of a substance containing heroin, for which the court imposed the mandatory minimum sentence of 10 years in prison. Charges of possession of a firearm in furtherance of a drug trafficking crime and possession of ammunition by a felon were dismissed as part of the plea agreement. Judgment was entered on August 17, 2017. The case is currently before the court on Robinson's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). For the reasons set forth below, Robinson's motion will be granted.

      The First Step Act of 2018 (the FSA) amended § 3582(c)(1)(A) to expand the authority of sentencing courts to reduce a sentence for extraordinary and compelling reasons. Before the FSA, only the Director of the Bureau of Prisons (the BOP) could file a motion for the court to reduce a defendant's sentence based on extraordinary and compelling reasons. Under the FSA, a defendant no longer needs a motion by the BOP in order to qualify for compassionate release. An inmate is required to exhaust his administrative remedies or wait thirty days after submitting his request to

the warden of the facility where he is held before filing a motion with the court, but the defendant can now seek such relief on his own.

In this case, Robinson sought compassionate release through the BOP based on his serious and chronic medical conditions. He filed his request in December of 2019. By the end of January, the Warden denied his request. Although he believes he filed an appeal "all the way up," the government contends that he failed to exhaust his administrative remedies. The government also contends that because his claim is now based in part on the conditions brought about by the COVID-19 virus, which was not a factor at the time he filed his request with the warden, a new motion must be filed.

According to medical records submitted in support of his request to this court, Robinson's medical diagnosis includes:

> Adverse reaction to tricyclic antidepressant drug, Anteriosclerotic retinopathy and macular edema, chronic back pain, chronic kidney disease stage 5, Diabetes mellitus, Dyslipidemia, End stage renal disease on dialysis, Hypertension, Remote GSW [gunshot wound] Back and Buttock.

Dkt. No. 76-1. According to an August 19, 2019 report of Dr. Syed Shah, management of Robinson's chronic kidney disease required daily peritoneal dialysis treatment, laboratory monitoring and medication management by dialysis nursing staff and monthly follow up appointments with his nephrologist for evaluations and interventions based on medical indication. Robinson is currently active on the University of Wisconsin Hospital Transplant list for a kidney transplant and had a follow up appointment with the UW Transplant Department. *Id.*

Since the report, Robinson was transferred from State custody in Wisconsin to a Medical Center for Federal Prisoners in Springfield, Missouri (MCFP-Springfield), where his condition continued to deteriorate. He developed blood clots in his leg, requiring the amputation of his left foot because of the complete loss of blood flow, and is now confined to a wheelchair. His need

for dialysis has increased, and he performs self-dialysis 4 times a day, 7 days a week. His only hope for long-term survival, he contends, is a kidney transplant. Robinson is now 48 years old.

The government argues that Robinson's request should be denied because he failed to exhaust his administrative remedies. It correctly notes that requiring an inmate to submit his request first to the BOP makes sense because the information needed to properly assess the need for such relief is more available to prison staff and the BOP than to the sentencing court. Those at the facility where a prisoner is housed are likely to know of a defendant's current medical condition and the facility's ability to address his medical needs than a court hundreds of miles away. But Robinson did submit a request to the warden of MCFP-Springfield and was denied. In addition, thirty days had already elapsed, or come close to elapsing, before the warden issued his decision denying Robinson's request. Requiring Robinson to start over would extend his wait far beyond the thirty-day waiting period that Congress created in the FSA.

The government also argues that Robinson should be required to renew his request because at the time he first submitted it, the COVID-19 virus pandemic had not yet arrived in the United States. But the principal basis for Robinson's request is his deteriorating medical condition. The spread of the COVID-19 virus throughout the country does not add to his condition. It simply means he is more susceptible to infection and death than he otherwise would have been. The fact that his argument for compassionate release has taken on greater urgency is not a reason to require him to start the process over in the hope that he might get a favorable decision from the BOP before it is too late.

Considering Robinson's serious medical condition, including his ongoing need for dialysis, the amputation of his left foot and confinement to a wheelchair, his need for a kidney transplant and his other serious medical conditions, I conclude that the spread of the COVID-19 virus

3

throughout the country, including facilities operated by the BOP, constitutes an extraordinary and compelling reason to reduce Robinson's sentence of confinement to time served. His current condition renders him highly susceptible to infection and death from the virus upon its introduction to the facility. Given his weakened condition, he no longer represents a danger to the public beyond what can be safely controlled by the eight years of supervised release that was also imposed. Accordingly, Robinson's motion for compassionate release is granted.

At the telephone hearing on Robinson's motion, his attorney related that Robinson had made arrangements if his motion was granted to live with his daughter in Milwaukee. His sister was willing to pick him up at MCFP-Springfield and drive him to his daughter's home in Milwaukee where he can be supervised by U.S. Probation. Upon confirmation of these arrangements, Robinson is ordered released from custody. He is directed to contact U.S. Probation in Milwaukee at telephone number (414) 297-1425 within seventy-two hours of his release from custody and comply with all conditions of his supervised release. In the event Robinson's arrangements cannot be confirmed, his custody will continue until further order of the court.

**SO ORDERED** at Green Bay, Wisconsin this 6th day of May, 2020.

s/ William C. Griesbach
William C. Griesbach, District Judge
United States District Court